IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Williams, <br><br> Plaintiff, <br><br> vs. <br><br><br> Jordan Cox, TFC J. Meeks, <br> and L/CPL Woods, <br><br> Defendants. | C/A No.: 3:25-513-CMC-SVH <br><br><br><br> REPORT AND <br> RECOMMENDATION |

Patrick Williams ("Plaintiff"), proceeding pro se, filed this civil action, alleging violations of his constitutional rights by the Solicitor Jordan Cox ("Solicitor"), TFC J. Meeks, and L/CPL Woods (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.     Factual Background

Plaintiff makes no allegations against specific defendants. In the space for Plaintiff to present the fact of this case, Plaintiff states

> Unlawful stop, improper search, extended detention, interrogation without rights not waving, nonconsensual interception of wire, insufficient basis for K9, unreasonable searches right to defense right to face accuser, third party

1

>evidence, all those rights where violated during traffic stop and case as a whole.

[ECF No. 7 at 5–6]. In the relief section, the amended complaint states "motion suppress, or dismissal of case." *Id.* at 6 (errors in original).

On February 3, 2025, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his complaint and permitting him to file an amended complaint. [ECF Nos. 10, 11]. Plaintiff filed an amended complaint, as quoted above, but it did not add factual allegations.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Insufficient Factual Allegations

Plaintiff has failed to meet the minimal standards for filing a complaint. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft*

*v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Here, Plaintiff makes no factual allegations, but only legal conclusions. Therefore, Plaintiff's amended complaint is subject to summary dismissal.

    2.    Prosecutorial Immunity (Solicitor)

Plaintiff appears to sue Solicitor for actions associated with the proceedings associated with his criminal charges. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims appears relate to actions taken by Solicitor in connection with the judicial proceedings, they are barred by prosecutorial immunity and are subject to summary dismissal.

III.    Conclusion and Recommendation

Based on the foregoing, the undersigned recommends this case be summarily dismissed without leave for further amendment.

IT IS SO RECOMMENDED.

March 7, 2025                                    Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).